UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PAMELA STEIN,

        Plaintiff,

    v.

Case No. 20-cv-675-pp

TOWN N' COUNTRY TITLE LLC,

        Defendants.

**ORDER DENYING DEFENDANT'S MOTION TO STRIKE (DKT. NO. 25), DENYING DEFENDANT'S ALTERNATIVE MOTION FOR LIMITED DISCOVERY (DKT. NO. 25), GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (DKT. NO. 16) AND REMOVING JANUARY 5, 2021, HEARING FROM CALENDAR**

**I.   Introduction**

The plaintiff sued under Title VII of the Civil Rights Act of 1964 (as amended) and Title I of the Civil Rights Act of 1991. Dkt. No. 13 at ¶1. The amended complaint alleges that the defendant engaged in an unlawful pattern or practice of discrimination against the plaintiff based on her sex and religion, resulting in the plaintiff's termination. Id.

On July 29, 2020, the defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief may be granted. Dkt. No. 16. The plaintiff has filed an opposition brief and two exhibits. Dkt. Nos. 21, 21-1, 21-2. The defendant filed a motion to strike Exhibit A to the opposition brief or to allow limited discovery. Dkt. No. 26 at 4.

1

**II. Facts**

    A.    <u>The Parties</u>

The plaintiff, a white, Jewish female born November 2, 1964, is a former employee of the defendant. Dkt. No. 13 at ¶¶8, 10. She is an attorney licensed to practice law in the state of Wisconsin. <u>Id.</u> at ¶8.

The plaintiff alleges that the defendant, Town N' Country Title LLC, is a Wisconsin LLC in Wauwatosa, Wisconsin. <u>Id.</u> at ¶9. The plaintiff asserts that Nancy McHugh is the defendant's registered agent as well as its owner and operator. <u>Id.</u> at ¶¶9, 14.

    B.    <u>Plaintiff's Employment</u>

The plaintiff began working for the defendant on March 1, 2015. <u>Id.</u> at ¶11. At the time, the plaintiff was fifty years old. <u>Id.</u> According to the amended complaint, the plaintiff originally was hired as the Branch Manager and General Counsel at the defendant's Wauwatosa location before being re-assigned to the position of General Counsel and Title Examiner in October 2015. <u>Id.</u> at ¶13. The plaintiff alleges that she reported directly to Nancy McHugh during the entirety of her employment with the defendant. <u>Id.</u> at ¶14. While employed by the defendant, the plaintiff allegedly shifted between Branch Manager and Interim Branch manager before the defendant hired non-party Linda Kochanski. <u>Id.</u> at ¶15. Kochanski was fired and the plaintiff was reinstated until Kurt Colburn was hired; Colburn was fired and replaced by Chad Christy. <u>Id.</u> at ¶15-16. On March 6, 2019, the plaintiff, fifty-four years old at the time, was terminated by the defendant. <u>Id.</u> at ¶17.

On October 21, 2019, the plaintiff filed a cross-charge of discrimination with the Wisconsin Equal Rights Division. Id. at ¶5. She received her notice of right to sue from the ERD on February 13, 2020. Id. at ¶6; Dkt. No. 13-2 at 2.

C.  Allegations

The plaintiff alleges discrimination by the defendant based on sex, age, and religion. Id. at ¶1-2.

### 1. *Discrimination Based on Sex*

The plaintiff alleges that she received different treatment than did other employees because of her sex. Id. at ¶19. For example, the defendant allegedly hired male employees who were younger and had less experience. Id. The amended complaint states that upon her termination, the plaintiff was replaced by a younger male, Patrick Hennessy, who was not licensed to practice law in Wisconsin. Id. at ¶21.

### 2. *Discrimination Based on Age*

The plaintiff alleges that the defendant discriminated against her based on her age. Id. at ¶26. She claims to be aware of comments by co-workers regarding the number of employees being terminated who were over fifty years old. Id. at ¶27. She also asserts that Patrick Hennessy was forty at the time he was hired to replace her. Id. at ¶28.

### 3. *Discrimination Based on Religion*

The plaintiff alleges that her religious observances were "willfully disregarded by Defendant." Id. at ¶32-33. She asserts that she was prevented from taking unpaid time off "for the remainder of the year prior to her

3

termination," and that she "observed Jewish holidays, including Rosh Hashanah and Yom Kippur." Id. at ¶33. She alleges that other employees were allegedly "permitted time off to celebrate Christian holidays." Id. at ¶34. The amended complaint does not clarify at what point in the year the plaintiff was told she would not have further unpaid time off or whether this period covered any Jewish holidays.

D. Relief Sought

The amended complaint asks the court to enter judgment declaring that the defendant violated Title VII of the Civil Rights Act of 1964 as amended, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967. Id. at 6-7. The plaintiff requests prospective and retroactive monetary relief as well as compensatory and punitive damages, including damages under 42 U.S.C. §1981a. Id. at 7. The plaintiff requests reinstatement, costs and fees. Id.

**III. Procedural History**

The plaintiff filed the original complaint on April 30, 2020. Dkt. No. 1. The original complaint named Town N' Country Title and Nancy McHugh as defendants. Id. The defendants answered that complaint on July 1, 2020, dkt. no. 9, and filed their motion to dismiss the same day, dkt. no. 10, along with a brief in support of the motion, dkt. no. 11.

The court ordered that by July 22, 2020, the plaintiff either must file an amended complaint or respond to the motion to dismiss. Dkt. No. 12. The plaintiff filed an amended complaint on July 22, 2020; the amended complaint

4

did not name McHugh as a defendant. Dkt. No. 13. On July 29, 2020, defendant Town N' Country Title answered the amended complaint and filed a motion to dismiss and a brief in support. Dkt. Nos. 15, 16, 17.

The plaintiff filed her opposition to the motion to dismiss on September 9, 2020. Dkt. No. 21. The plaintiff attached "Exhibit A," a copy of her June 17, 2019 EEOC Intake Questionnaire. Dkt. No. 21-1. This document was not attached to the amended complaint. The plaintiff also filed two declarations, her own and one from Carlos R. Pastrana. Dkt. Nos. 22, 23.

The defendant filed a motion to strike both the questionnaire and the plaintiff's personal declaration. Dkt. No. 25. Alternatively, the defendant asked for leave to conduct limited discovery. Id. The plaintiff opposed the motion, dkt. no. 29, and the defendant filed a reply in support, dkt. no. 31.

## IV. Motion to Strike (Dkt. No. 25)

The defendant argues that the court should strike Exhibit A—the June 17, 2019 EEOC Intake Questionnaire—because it is "outside the scope of the pleadings and incomplete." Id. at 6. As for the plaintiff's declaration, the defendant claims that the plaintiff alleges facts that are outside the scope of the pleadings and inconsistent with the amended complaint. Id.

A party opposing a motion to dismiss under 12(b)(6) "may submit materials outside the pleadings to illustrate the facts the party expects to be able to prove." Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012). The materials must be "consistent with the allegations of the complaint." Help At Home Inc. v. Medical Capital, L.L.C., 260 F.3d 748, 753 (7th Cir. 2001).

5

A.   Exhibit A, EEOC Intake Questionnaire (Dkt. No. 21-1)

In its brief in support of the motion to dismiss, the defendant asserts that any claims that occurred before December 25, 2018 are time-barred. Dkt. No. 17 at 10. The defendant explained that a claimant has 180 days from the date of the alleged discriminatory act to file a charge with the EEOC. Id. at 11 (citing 42 U.S.C. § 2000e-5(e)). It argued that this period extends to 300 days "if a claimant initially institutes proceedings with a state or local agency that possesses the authority to address the alleged discrimination." Id. (quoting Black v. Rieth-Riley Constr. Co., 957 F. Supp. 177, 180 (S.D. Ind. 1997)). The defendant argues that the 300-day period is the same for cases under the ADEA. Id. Citing the amended complaint, the defendant asserts that the plaintiff filed her charge of discrimination on October 21, 2019, claiming that she was subject to discrimination between September 1, 2018 and March 6, 2019. Id. The defendant asserts that 300 days prior to October 21, 2019 was December 25, 2018, and therefore that any claims that occurred prior to that date are time-barred. Id. In the alternative, the defendant argues that any events that occurred before September 1, 2018 were time-barred because they were outside the scope of the charge of discrimination. Id.

The document the defendant asks the court to strike—Exhibit A—is an EEOC Intake Questionnaire that the plaintiff signed on June 17, 2019—four months before the October 21, 2019 date on which the plaintiff signed the Charge of Discrimination with the Wisconsin Equal Rights Division (dkt. no. 13-1). Dkt. No. 21-1. The questionnaire asserts that the defendant

6

discriminated against the plaintiff on the bases of her sex, age and religion and that the defendant retaliated against her, and it appears to demonstrate that the plaintiff made those assertions four months prior to filing the ERD Charge of Discrimination. Id. at 3.

In her response to the motion to strike, the plaintiff explains that she attached the June 17, 2019 EEOC Intake Questionnaire to "rebut Defendant's argument that several of Plaintiff's claims are time-barred." Dkt. No. 29 at 7. She states that the Intake Questionnaire is consistent with the assertion in the amended complaint that she has complied with all the jurisdictional prerequisites for filing a Title VII action, including timely filing a charge of discrimination with the EEOC. Id. (citing Dkt. No. 13 at ¶4). The defendant replies that neither the original nor the amended complaint lay out any allegations regarding the EEOC Intake Questionnaire and that the questionnaire itself refers to attachments which the plaintiff did not include. Dkt. No. 31 at 3.

The defendant implies that in attaching the Intake Questionnaire, the plaintiff was attempting to add new claims or to further amend the complaint. Dkt. No. 26 at 5-6. The court disagrees. The Seventh Circuit has declined to strike from a supplemental appendix on appeal materials that were not provided to the lower court on the ground that they were "for illustrative purposes—that is, not to establish the truth of their contents, but to show that there might be a set of facts consistent with [the] allegations in the complaint," such that the party's claims might not be time-barred. Thomas v. Guardsmark,

7

Case 2:20-cv-00675-PP   Filed 12/29/20   Page 7 of 15   Document 32

Inc., 381 F.3d 701, 704 (7th Cir. 2004). The defendant itself concedes what the Seventh Circuit has held—that "[a] party opposing a motion under Rule 12(b)(6) has much more latitude than the moving party, for example, to illustrate for the court the facts the party hopes to prove to support the allegations in the complaint." John Roe I v. Bridgestone Corp., 492 F. Supp. 2d 988, 1007 (S.D. Ind. 2007) (citing Thomas, 381 F.3d at 704). "This rule is necessary to give the plaintiffs the benefit of the broad standard for surviving a Rule 12(b)(6) motion . . . ." Highsmith v. Chrysler Credit Corp., 18 F.3d 434, 440 (7th Cir. 1994) (quoting Dawson v. General Motors Corp., 977 F.2d 369, 372 (7th Cir. 1992)).

The plaintiff attached the Intake Questionnaire to demonstrate that there may be a set of facts by which some of her claims are not time-barred. The court will deny the motion to strike Attachment A.

  B. <u>Plaintiff's Declaration (Dkt. No. 22)</u>

The defendant argues that the court should strike the plaintiff's declaration because it "provides alleged 'facts' that are outside the scope of the pleadings and are not consistent with the Plaintiff's Amended Complaint." Dkt. No. 26 at 6. In her declaration, the plaintiff asserts that in the fall of 2015 she was elected president of the Wisconsin Land Title Association, explaining what that organization is. Dkt. No. 22 at ¶5. She claims that Nancy McHugh tried to undermine her status in that organization. Id. She claims that when her tenure as president ended, McHugh told her that her involvement with the WLTA was over, even though the plaintiff was still involved as a board member and speaker. Id. at ¶6. She asserts that McHugh ordered her to teach licensing

8

courses outside of the WLTA classes using WLTA materials, which she characterizes as a breach of her ethical duties. Id. at ¶¶12, 14. She asserted that McHugh excluded her from certain WLTA activities. Id. at ¶¶18-19.

The defendant argues that these assertions about the WLTA are outside the scope of the pleadings and are not consistent with the amended complaint because the WLTA is not a party to the complaint and there "are no allegations or claims within Plaintiff's Amended Complaint that are consistent with these statements." Dkt. No. 26 at 3-4. The argument that the WLTA is not a party to the suit is specious; the plaintiff's declaration does not state or even imply that the WLTA has anything to do with the plaintiff's claims against the defendant. Rather, it describes actions by Nancy McHugh, her direct supervisor, which the plaintiff believes illustrate discriminatory animus against her. The remainder of the declaration provides details consistent with the plaintiff's claims of discrimination based on sex, gender, and religion. The plaintiff may not be able to prove every assertion in the declaration at trial, and some details may not be directly relevant to her claims. But the assertions in the declaration are, like the Intake Questionnaire, illustrative of "the facts the party expects to be able to prove." Gienosky, 675 F.3d at 745 n.1.

The court will deny the plaintiff's motion to strike the plaintiff's declaration.

## VI. Alternative Motion for Limited Discovery (Dkt. No. 25)

The defendant asked that if the court declined to strike Exhibit A and the plaintiff's declaration, the court allow it to conduct limited discovery "related to

the Questionnaire and the Declaration in order that it may properly prepare a reply to the Plaintiff's Opposition." Dkt. No. 26 at 7. The defendant alleges that the "Plaintiff has attached an incomplete document and has made certain unsupported allegations of which Defendant has not been made aware until the Plaintiff's filing of her Opposition Brief." Id.

The plaintiff objects, noting that the Federal Rules of Civil Procedure already allow discovery and argues that if that discovery reveals uncontested facts that support dismissal, the defendant is free to file a motion for summary judgment. Dkt. No. 29 at 8. She argues that the defendant is "asking the court to create a new procedural hoop which does not exist." Id.

As to the Intake Questionnaire, the defendant's request may not be as outlandish as the plaintiff argues. One of the reasons the defendant asks the court to dismiss the complaint is because it believes certain of the plaintiff's claims are time-barred. If the Intake Questionnaire impacts that argument, it is not unreasonable for the defendant to learn more about it. That said, the defendant does not argue that all the plaintiff's claims are time-barred, so allowing limited discovery only on that aspect of the case would not be a good use of the parties' resources. The court will deny the alternative motion for limited discovery but will give the defendant leeway to file a motion to dismiss on limitations grounds if discovery reveals that certain claims are time-barred.

### VII. Motion to Dismiss (Dkt. No. 16)

The defendant seeks dismissal on three grounds. First, as the court has noted, the defendant argues that certain of the plaintiff's claims are time-

barred. Dkt. No. 17 at 4-14. The court has indicated that discovery may shed some light on whether this is true, so at this point, the motion is premature.

Second, the defendant argues that the plaintiff has failed to establish a *prima facie* case of discrimination based on religion. Dkt. No. 17 at 14. The defendant asserts that only two paragraphs of the amended complaint—¶¶33-34—address this claim and that the plaintiff asserts little more than that other employees were allowed time off for Christian holidays while McHugh "said there would be no unpaid time off allowed for the remainder of the year prior to [the plaintiff's] termination." Id. at 15 (citing ¶33 of the amended complaint). The defendant accurately points out that the plaintiff does not describe, by date, the "remainder of the year prior" to her termination and does not indicate which Jewish holy days, if any, fell in that period. Id. at 15-16. The defendant attempts to figure out what holiday the plaintiff might have meant, noting that between September 1, 2018 and the date of the plaintiff's termination, there were five Yom Tov holidays—Rosh Hashana, Yom Kippur, Sukkot I, Sukkot II, Shmini Atzeret and Simchat Torah. Id. at 16. The defendant asserts that the plaintiff has not alleged that she asked for time off to observe any of these holidays (or any others), and again asserts that even if she had, some of her claims would be time-barred.

The defendant slightly mischaracterizes the plaintiff's claims. In ¶33 of the amended complaint, the plaintiff alleges that she observed "Jewish holidays, including Rosh Hashanah and Yom Kippur, throughout the year." Dkt. No. 13 at ¶33. The defendant's calculations indicate that Rosh Hashanah

11

and Yom Kippur fell during the period between September 2018 and the date of the plaintiff's termination, and the plaintiff alleges that McHugh told her there would be no unpaid leave for the remainder of the year. That said, in order to prove a Title VII claim for failure to accommodate religion,

> An employee must prove three things: (1) "the observance or practice conflicting with an employment requirement is religious in nature;" (2) the employee "called the religious observance or practice [to the] employer's attention;" and (3) "the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment." *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012) (internal quotations omitted).

Adeyeye v. Heartland Sweeteners, LLC, 721 F.3d 444, 449 (7th Cir. 2013).

The allegations in the amended complaint do not satisfy these elements. While the amended complaint alleges that the plaintiff is an observant Jew and that she observed Jewish holidays and Shabbat year round, she has not alleged that she called her religious observances or practices to the attention of McHugh or any other member of the defendant's staff. She alleges that she observed the "sabbath year round," dkt. no. 13 at ¶12, but does not allege that she was required to work on the Sabbath (mid-afternoon on Friday through nightfall Saturday, see, *e.g.*, https://www.jewishvirtuallibrary.org/what-is-shabbat-jewish-sabbath) or that if she was, she notified her employer that this conflicted with her religious beliefs or asked to be relieved from work on the Sabbath. She asserts that she observed religious holidays but does not allege that she asked for time off to observe those holidays or that she notified her employer of her intention to observe the holidays.

12

The plaintiff appears to believe that the amended complaint alleged more than it does. In her opposition brief, the plaintiff states that "Defendant unequivocally and expressly voiced the intent to deprive her of time off for observing her religious practices," because McHugh told the plaintiff that "she would not be allowed any unpaid time off 'for any reason' for the balance of the year." Dkt. No. 21 at 29. The plaintiff argues that "[t]his statement made it very clear to Plaintiff that Defendant would not give her time off—even if unpaid—for Jewish holidays like Rosh Hashanah and Yom Kippur." Id. This argument assumes that the defendant—McHugh—knew that the plaintiff was Jewish, knew that she observed the Sabbath and Jewish holidays, knew that there would be Jewish holidays between the date she made the statement and the end of the year and knew that those holidays would occur on days that otherwise would be normal business days. But there are no such allegations in the amended complaint. The court agrees that the amended complaint does not state a claim for failure to accommodate religious beliefs under Title VII.

Finally, the defendant argues that the amended complaint fails to state a claim of age discrimination under Title VII. Dkt. No. 17 at 19. The defendant asserts that "[i]n Count I of her Amended Complaint, brought pursuant to Title VII, Plaintiff makes allegations relating to the age of the Plaintiff and other employees of Town N' Country," argues that it is not clear whether the plaintiff is making these claims, and seeking damages under, Title VII and argues that Title VII does not provide a cause of action for employees who are discriminated against based on age. Id. The plaintiff responds that the "allegations of the

13

amended complaint clearly meet the pleadings standards for both Title VII and ADEA claims." Dkt. No. 21 at 6.

The court is stymied by the defendant's argument. Paragraph 2 of the amended complaint states that the case involves "age discrimination in the workplace in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 634 *et seq.*" Dkt. No. 13 at ¶2. Count I of the amended complaint does not allege discrimination based on *age*—it alleges discrimination based on *sex*. Dkt. No. 13 at 4, ¶¶18-24. Count *II* alleges discrimination based on age, and it cites the ADEA, not Title VII. Id. at 5, ¶26. The court will deny the motion to dismiss on this basis.

## VIII. Conclusion

The court **DENIES** the defendant's motion to strike. Dkt. No. 25.

The court **DENIES** the defendant's alternative motion for limited discovery. Dkt. No. 25.

The court **GRANTS** the defendant's motion to dismiss to the extent that it seeks to dismiss Count III of the amended complaint, asserting discrimination on the basis of religion. Dkt. No. 16.

The court **DENIES** the defendant's motion to dismiss to the extent that it seeks to dismiss Count II of the amended complaint, asserting discrimination on the basis of age. Dkt. No. 16.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion to dismiss to the extent that it seeks to dismiss any portion of the amended complaint as time-barred. Dkt. No. 16.

14

The court **ORDERS** that the motion hearing set for January 5, 2021. is **REMOVED** from the court's calendar.

Dated in Milwaukee, Wisconsin this 29th day of December, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**